IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| MICHAEL DWAYNE MARKS, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § CIVIL ACTION NO. G-05-553 |
| | § |
| EL PASO PRODUCTION COMPANY and | § |
| JAMBON BOAT RENTALS, L.L.C., | § |
| | § |
| Defendants. | § |

## ORDER GRANTING DEFENDANT JAMBON BOAT RENTAL'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

This case arises out of alleged injuries sustained by Michael Dwayne Marks ("Plaintiff") while aboard M/V TODD during the course of his employment with Defendant Jambon Boat Rentals, L.L.C. ("Jambon"). Now before the Court is Jambon's Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(2) for Lack of Personal Jurisdiction. For the reasons stated below, the Court finds that it lacks personal jurisdiction over Jambon, and Jambon's Motion is hereby **GRANTED**. Plaintiff's claims against Jambon are **DISMISSED WITHOUT PREJUDICE**.[1]

**I. Background**

On or around July 5 or 6, 2005, Plaintiff was injured during the course and scope of his employment with Jambon while aboard the M/V TODD, a vessel owned and operated by Jambon.

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

The M/V TODD was in federal waters, off the shore of Louisiana, at the time of the alleged accident. The M/V TODD operated out of a dock in Louisiana. Jambon was performing work for El Paso Production Company ("El Paso") at the time of the alleged accident. El Paso is a Delaware corporation, with headquarters in Houston, Texas. Jambon is a Louisiana corporation with its principal place of business in Golden Meadow, LaFourche Parish, Louisiana. Jambon does not have an office or registered agent in Texas.

## II. Motion to Dismiss for Lack of Personal Jurisdiction

Jambon seeks to dismiss Plaintiff's claims against it for lack of personal jurisdiction pursuant to FED. R. CIV. P. 12(b)(2). As a nonresident of Texas, Jambon is subject to personal jurisdiction in this District if: (1) it is amenable to service of process under Texas's long-arm statute, and (2) the exercise of personal jurisdiction over Jambon is consistent with due process. *See Stripling v. Jordan Prod. Co., L.L.C.*, 234 F.3d 863, 869 (5th Cir. 2000); *Electrosource, Inc. v. Horizon Battery Techs. Ltd.*, 176 F.3d 867, 871 (5th Cir. 1999); *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992). The Texas long-arm statute grants jurisdiction over a nonresident defendant "doing business" in Texas. *See* TEX. CIV. PRAC. & REM. CODE § 17.042 (Vernon 1997). The phrase "doing business" has been interpreted to reach as far as the United States Constitution permits, and therefore the jurisdictional inquiry under the Texas long-arm statute collapses into a single due process inquiry. *See Ruston Gas Turbines, Inc. v. Donaldson* Co., 9 F.3d 415, 418 (5th Cir. 1993); *Williams v. Castro*, 21 F. Supp. 2d 691, 692 (S.D. Tex. 1998); *Schlobohm v. Schapiro,* 784 S.W.2d 355, 356–57 (Tex. 1990).

Whether the exercise of personal jurisdiction over a defendant is consistent with the Due Process Clause of the United States Constitution likewise requires a two-pronged inquiry. First, the

Court must conclude that the defendant has "minimum contacts" with the forum state. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945). Second, the Court must determine that requiring a defendant to litigate in the forum does not offend "traditional notions of fair play and substantial justice." *Id. See also Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994); *Ruston Gas Turbines*, 9 F.3d at 418.

The "minimum contacts" prong can be satisfied by finding either general or specific jurisdiction over a defendant. *See Wilson*, 20 F.3d at 647. A defendant's contacts unrelated to the cause of action may confer general jurisdiction, but these contacts must be both "continuous and systematic" and "substantial." *Id.* at 647, 650–51. A defendant's limited contact with the forum state may support specific jurisdiction if such contacts give rise to the cause of action. *See Ruston Gas Turbines*, 9 F.3d at 419 ("A single act by the defendant directed at the forum state, therefore, can be enough to confer personal jurisdiction if that act gives rise to the claim being asserted."). Specific jurisdiction is proper if the nonresident defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefit and protection of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174, 2183, 85 L. Ed. 2d 528 (1985) (citing *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S. Ct. 1228, 1239-40, 2 L. Ed. 2d 1283 (1958)). A defendant establishes minimum contacts by purposely engaging in conduct directed toward the forum state "such that [the defendant] should reasonably anticipate being haled into court there." *Id.* at 474, 105 S. Ct. at 2183 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559, 567, 62 L. Ed. 490 (1980)).

Generally, the plaintiff bears the burden of establishing the Court's jurisdiction over a nonresident defendant. *See Wilson*, 20 F.3d at 648. However, it is sufficient for the plaintiff to make

a prima facie showing of jurisdiction, and any conflicts between affidavits are resolved in favor of the plaintiff. *See Asarco, Inc. v. Glenara, Ltd.,* 912 F.2d 784, 785 (5th Cir. 1990); *Guyton v. Pronav Ship Mgmt., Inc.*, 139 F. Supp. 2d 815, 818 (S.D. Tex. 2001).

**III. Analysis**

*A. Contacts Sufficient to Establish Specific Jurisdiction*

The exercise of specific personal jurisdiction is appropriate if a defendant's limited contact with the forum state gives rise to the cause of action. *See Ruston Gas Turbines*, 9 F.3d at 419. Plaintiff argues that Jambon's contacts with Texas gave rise to his claims in this matter. Plaintiff asserts that Jambon's work agreement with El Paso provides the minimum contacts necessary to establish specific jurisdiction. The Court respectfully disagrees.

El Paso is a Delaware company headquartered in Houston, Texas. The work that Jambon was hired to perform for El Paso was executed in federal waters offshore of Louisiana, and the M/V TODD was working out of a port in Louisiana at the time the accident took place. Jambon was not hired to perform any services for El Paso in Texas. The mere fact that El Paso is based in Houston, without more, does not provide the minimum contacts necessary to establish specific jurisdiction over Jambon. Additionally, Plaintiff has failed to produce any facts demonstrating that Jambon purposefully directed its actions towards Texas in obtaining the work from El Paso. *See Smirch*, 164 F. Supp. 2d at 909. In this case, there is not even evidence to support the notion that by agreeing to perform work solely in Louisiana, there would be any foreseeable adverse consequences in Texas. *See id.* Defendant has unequivocally demonstrated that it does not market itself in Texas. Rather, it uses brokers in Louisiana to obtain work. Jambon's contact with Texas under these facts stems from the mere fortuity that El Paso is headquartered in Texas, and therefore does not represent an act

4

of purposeful availment. *See id. See also Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 856, 869 (5th Cir. 2001). There are no actions on the part of Jambon specifically directed towards Texas that gave rise to Plaintiff's cause of action.

Additionally, Plaintiff's reliance upon the Fifth Circuit's decision in *Central Freight Lines v. APA Transport Corp.*, 322 F.3d 376, 382 (5th Cir. 2003), in support for its argument for specific jurisdiction is unpersuasive. *Central Freight Lines* involved a breach of contract dispute between two companies, Central Freight Lines ("CFL") and APA Transport Corporation ("APA"). In that case, CFL and APA conducted contract negotiations in Waco, Texas. *Id.* After APA breached its agreement with CFL, it brought suit in the Western District of Texas. The Circuit found that APA deliberately reached out to a Texas corporation, CFL, with the "deliberate aim of entering into a long-standing contractual relationship" that would be executed in Texas, and the Circuit found that the agreement had the foreseeable effect of "causing business activity in the forum state." *Id.* In the present case, Jambon obtained the El Paso job through Kevin Gros Consulting, a brokerage firm in Larose, Louisiana. Jambon did not negotiate directly with El Paso for the job. Next, Jambon did not intend to enter into a long-standing relationship with El Paso, or create long-term continuing obligations. Jambon does not advertise in Texas nor does it visit Texas with the intention of obtaining business from Texas companies. The place of performance of the work agreement was in federal waters offshore of Louisiana, not Texas. Finally, Jambon's actions in accepting the El Paso job had the foreseeable effect of causing business activity in Louisiana, not Texas. The Fifth Circuit's decision in *Central Freight Lines* does not control the present inquiry. Furthermore, the mere act of contracting with a Texas company alone will not subject a nonresident to personal jurisdiction in this forum, especially when such contracts are to be performed outside of Texas.

Case 3:05-cv-00553   Document 18   Filed in TXSD on 03/21/06   Page 6 of 9

Plaintiff has failed to establish sufficient contacts to support the exercise of specific jurisdiction. Having made this determination, the Court proceeds to consider whether the exercise of general jurisdiction is proper based on Jambon's unrelated contacts.

*B. Contacts Sufficient to Establish General Jurisdiction*

The exercise of general jurisdiction is appropriate if a defendant's unrelated contacts with the forum state are both "continuous and systematic" and "substantial." *See Wilson*, 20 F.3d at 647, 650–51. The law of the Fifth Circuit requires this Court to examine Jambon's contacts *in toto* to determine whether they constitute the kind of systematic contacts necessary to satisfy the requirements of due process. *See Central Freight Lines, Inc.*, 322 F.3d at 381; *Holt*, 801 F.2d at 779. Jambon argues that its contacts with the State of Texas prior to the alleged accident were not continuous, systematic or substantial. Plaintiff argues that personal jurisdiction exists because the alleged accident occurred in the course of performing a contract for a Texas company, and that in the past, Jambon has performed other work in Texas.

In support of its argument that Jambon has substantial contacts with Texas, Plaintiff relies upon the following facts: (1) Jambon's vessels worked offshore of Texas in late 2004 and made port in Galveston, Texas; (2) Jambon has worked for Texas companies in addition to El Paso such as Tetra and Hunt Petroleum; (3) the specific job on which Plaintiff was injured was being performed for a company headquartered in Texas; and (4) that Jambon has employed Texas residents. Assuming all of the facts alleged by Plaintiff are true, these facts fail to demonstrate systematic, continuous and substantial contacts with Texas on the part of Jambon.

The evidence demonstrates that Jambon has worked in Texas waters on one occasion, from November 19, 2004 to December 1, 2004, for Bluewater Industries and Laredo Construction

("Bluewater job"), two Texas-based companies. During that time, Jambon's vessel the M/V MARC C made port out of Laredo Construction's dock in Galveston, Texas, on 3 or 4 occasions during a 12-day span. The M/V MARC C spent the rest of its time servicing a platform located in High Island 120, about 100 miles offshore of Texas in federal waters. That job was also obtained through a broker. Although Plaintiff has shown that Jambon has performed jobs for other Texas companies, Plaintiff has not been able to show where those jobs were performed. There is no documentation of any work performed in Texas besides the Bluewater job.

Plaintiff spends most of his time on the fact that at the time of the alleged accident Jambon was performing work for a company headquartered in Texas. However, "it is well-established that 'merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction.'" *Frudensprung v. Offhsore Technical Services, Inc.*, 186 F. Supp. 2d 716, 721 (S.D. Tex. 2002) (quoting *Holt*, 801 F.2d 773, 778). The work for El Paso was performed in Louisiana, not Texas. El Paso sought out a company through a Louisiana broker to perform services in Louisiana. Additionally, the fact that Jambon has employed Texas residents, without more, is not indicative of minimum contacts because there is no evidence that these employees were recruited in Texas or that Jambon targeted the Texas market for its hiring needs. *See Williams v. Castro*, 21 F. Supp. 2d 691 (S.D. Tex. 1998).

When viewed cumulatively, Jambon's unrelated contacts are not demonstrative of a continuous and systematic presence in Texas. Rather, these facts show sporadic and inconsistent contacts, which are insufficient for the exercise of general jurisdiction. If a Texas job comes through one of its brokers it may take it, but thus far this has only happened on one occasion. The facts according to Plaintiff demonstrate that Jambon rarely conducts business *in* Texas, even though it

derives revenue from Texas companies that operate in Texas. *See Smirch*, 164 F. Supp. 2d at 910-11 (noting that "courts have meticulously distinguished between continuous and systematic contacts that constitute doing business in Texas (and thereby conferring personal jurisdiction), and those that merely embody doing business with Texas") (internal quotations omitted). Plaintiff emphasizes that Jambon works for Texas-based companies, but working for such companies alone does not provide an indication of whether Jambon conducts business in Texas. The facts demonstrate that most of Jambon's work is performed in Louisiana waters and federal waters offshore of Louisiana. One job performed in Texas will not give rise to an assertion of general jurisdiction.[2] Additionally, Jambon does not have any offices or agents in Texas, owns no property in Texas, has never paid taxes to or in Texas, has never advertised in Texas, does not recruit in Texas, and holds no bank accounts in Texas. Plaintiff has failed to establish minimum contacts sufficient to support the exercise of general jurisdiction.

Given that the Court has determined that Jambon lacks the requisite minimum contacts with Texas, there is no need to examine the second prong of the two-part inquiry of whether the exercise of personal jurisdiction in this case would offend traditional notions of fair play and substantial justice. *See Int'l Shoe*, 326 U.S. at 316, 66 S. Ct. at 158.

## IV. Conclusion

After careful consideration of Jambon's contacts with the State of Texas, the Court finds that

---

[2]That said, Jambon should be warned that although it lacks the minimum contacts at present to confer general jurisdiction, if it were to continue to perform jobs in Texas, that might change. The fact that Jambon procures its work through a broker will not immunize it from being hailed into Court in Texas if the work procured requires performance in Texas on a regular basis. If Jambon continues to conduct its business in a similar manner, it should anticipate being subject to personal jurisdiction in Texas courts at some point in the future.

it does not possess either specific or general *in personam* jurisdiction over Defendant Jambon Boat Rentals, L.L.C. The Court accordingly hereby **GRANTS** Jambon's Motion to Dismiss on the specific ground that it lacks personal jurisdiction over Jambon, and hereby **DISMISSES WITHOUT PREJUDICE** any and all of Plaintiff's claims against Defendant Jambon Boat Rentals, L.L.C. only. Plaintiff is free, of course, to reassert these claims in a court of proper jurisdiction and venue during the applicable limitations period. Plaintiff's remaining causes of action against El Paso Production Company remain intact pending further Order of the Court. Each Party is to bear its own taxable costs and expenses incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 21st day of March, 2006, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge